IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00215-WYD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEON CLINTON MICKLING, Jr.,

        Defendant.

## ORDER

THIS MATTER comes before the Court on Defendant Leon Mickling's Motion For a Continuance and Request For a Status Conference, [doc. #21], filed October 6, 2009.

By way of background, I note that on August 14, 2009, I issued an order setting this case for a four-day jury trial set to commence on October 13, 2009.  In the pending motion, the Defendant requests that I make an ends of justice finding and exclude (60) sixty days from the speedy trial deadlines.  The motion is granted for the reasons stated below.

The parties agree that an ends of justice continuance pursuant to 18 U.S.C. §3161(h)(7)(B)(iv) is appropriate because failure to exclude time and grant such a continuance would "deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  I find that an ends of justice continuance is appropriate under § 3161(h)(7)(B)(iv).

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the

defendant's initial appearance, whichever occurs later.  18 U.S.C. § 3161(c)(1).  The Tenth Circuit held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions.  *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)."  *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar.  *See* 18 U.S.C. § 3161(h)."  *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial.  This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case.  *Zedner*, 126 S.Ct. at 1984."  *Id.* at 1048-49 (internal citation omitted).  However, the Tenth Circuit has cautioned that "ends-of-justice continuances should not be granted cavalierly.  *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))."  *Id.*

The Tenth Circuit recently reaffirmed its holdings in *Williams* and *Doran* and emphasized that the ends of justice exception to the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, ___ F.3d ___, 2009 WL 2357228 * 5 (10th Cir., Aug. 3, 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). "The requirement that the district court make clear on the record its reasons for granting an ends-of justice continuance serves two core purposes. It both ensures the district court considers the relevant factors and provides the court with an adequate record to review." *Id.* (citations omitted). The *Toombs* Court noted that the record "must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.* at *7.

The Court, having carefully considered the request and the controlling law, and being fully advised in the premises, hereby finds that the Defendant's motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). Due to the amount of discovery in the case and the recent appointment of new counsel, I find that the failure to grant a continuance in this case would deny the Defendant and his counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on the above, I find that the ends of justice served by an additional (60) sixty day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on the foregoing and for the reasons stated on the record, it is

ORDERED that Defendant Leon Mickling's Motion For a Continuance and Request For a Status Conference, [doc. #21], filed October 6, 2009 is **GRANTED** pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).  In accordance therewith, it is

FURTHER ORDERED that the jury trial set for Tuesday, October 13, 2009 is **VACATED.**  It is

FURTHER ORDERED that an additional **(60) sixty days** are excluded from the speedy trial deadlines.  It is

FURTHER ORDERED that the Defendant must file all pretrial motions or the parties must file a joint status report on or before **Tuesday, November 24, 2009**.

Dated:  October 9, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge