UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 09-cr-00215-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LEON CLINTON MICKLING, JR., a/k/a Leon Clinton Mickling,

    Defendant.

## ORDER

THIS MATTER comes before the Court on Defendant's Unopposed Motion for Extension of Time to File Pretrial Motions and Corresponding Exclusion of Time from Speedy Trial Deadlines [d/e 43] filed February 4, 2010.  By his motion, Defendant seeks a 35 day extension of time to file pretrial motions to March 15, 2010 and exclude 35 days from speedy trial deadlines pursuant to 18 U.S.C. § 3161(h)(1) and (7)(A), (B).  The Government has filed a Motion to Quash *Ex Parte* Subpoenas Duces Tecum [d/e 42] filed February 2, 2010.  This motion relates to several *ex parte* subpoenas returnable to the clerk's office on February 3, 2010.

By way of background, the Defendant is charged with one count of possession of 50 grams or more of crack cocaine with intent to distribute pursuant to 21 U.S.C. § 841 and one count of possession of a firearm by a prohibited person pursuant to 18 U.S.C. § 922(g).  The Government believes that the Defendant is subject to mandatory minimum

sentences under the Armed Career Criminal Act and 18 U.S.C. § 924(c) as well as a mandatory life sentence pursuant to 21 U.S.C. § 841.

On December 22, 2010, I issued an Order granting an ends of justice continuance, which excluded 75 days from the speedy trial deadlines and set February 8, 2010 as the deadline for filing pretrial motions. I deemed a continuance necessary because the present defense counsel had only entered his appearance on December 1, 2009, defense counsel needed time to investigate and research pretrial motions and defendant's alleged prior convictions. In addition, the continuance was necessary because the Government had structured its plea offer in such a way that these tasks had to be completed before the filing of pretrial motions.

Defendant now seeks another extension of time to finalize pretrial motions and complete investigations. Defense counsel has arranged for a forensic expert to analyze items seized from the Defendant's residence, but at the time of filing his motion the Court had not authorized the expenditure of funds for said expert. Defense counsel is also awaiting approval to speak with the Defendant's previous parole officer. Defense counsel argues that he must complete these tasks in order to finalize pretrial motions and make an informed decision about the Government's plea offer.

Having carefully considered the request and the controlling law, I find that the unopposed motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). Defense counsel in this case has made progress in the past five weeks, but has been unable to complete the necessary tasks to fully prepare

pretrial motions or complete work in advance of making a decision on the Government's plea offer. The Court has recently authorized the expenditure of funds requested by the Defendant and would expect that work to proceed in a timely fashion. I find that the failure to grant a continuance in this case, which I do not find complex, would deny the Defendant and his counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, I find that the ends of justice served by an additional 35 day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

With respect to the Government's motion to quash, I find merit to the issues related to the *ex parte* nature of Defendant's request. Should the Defendant decide to refile the request for issuance of similar subpoenas, the Defendant shall show cause as to why an *ex parte* request is appropriate. If the Defendant files the request openly, no such showing is necessary.

Based on the foregoing, it is

ORDERED that Defendant's Unopposed Motion for Extension of Time to File Pretrial Motions and Corresponding Exclusion of Time from Speedy Trial Deadlines [d/e 43] filed February 4, 2010 is **GRANTED** and an additional **(35) thirty-five days** are excluded from speedy trial deadlines. It is

FURTHER ORDERED that **Monday, March 15, 2010** is the deadline for filing pretrial motions. It is

FURTHER ORDERED that the Government's Motion to Quash *Ex Parte* Subpoenas

Duces Tecum [d/e 42] filed February 2, 2010 is **GRANTED**.

Dated: February 10, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge